AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| In the Matter of the Search of | ) | |
|---|---|---|
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   20-6088-MPK |
| 44 Seafoam Avenue, Apartment #2, Winthrop, Massachusetts | ) ) ) | |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of   Massachusetts
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B-1.

**YOU ARE COMMANDED** to execute this warrant on or before   February 26, 2020   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Hon. M. Page Kelley, United States Magistrate Judge  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   February 12, 2020 2:50 p.m.         *Page Kelley*
                                                              *Judge's signature*

City and state:   Boston, Massachusetts         Hon. M. Page Kelley, U.S. Magistrate Judge
                                                 *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** ||| 
|---|---|---|
| Case No.: <br> 20-6088-MPK | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge. <br><br><br> Date: _____ <br><br> _____ <br> *Executing officer's signature* <br><br> _____ <br> *Printed name and title* |

## ATTACHMENT A-1

### 44 SEAFOAM AVENUE, APARTMENT #2, MASSACHUSETTS
### (TARGET LOCATION 1)

44 Seafoam Avenue, Apartment #2, Winthrop Massachusetts, is an apartment inside a two-story residence. The residence has white siding and two blue front doors. The front entrance to the building located at 44 Seafoam Avenue faces Seafoam Avenue. The residence also has a side entrance door that faces a driveway on the right side of the building. Apartment 2 is a second-floor apartment accessed through an interior staircase and hallway and has a number 2 on the first floor entrance door.



25

## ATTACHMENT B-1
(Items to be seized from Target Location 1)

All records, in whatever form, and tangible objects that constitute evidence, fruits, or instrumentalities of violations of Title 18, United States Code, Section 1956 and 1957 (money laundering) and/or Title 21, United States Code, Section 846 (cocaine trafficking and conspiracy) (the "Target Offenses"):

1. Books, records, receipts, notes, ledgers, and other papers relating to the collection and laundering of money, personal telephone/address books, electronic organizers, telephone bills, bank and financial records, and storage records, such as storage locker receipts and safety deposit box rental records and keys.

2. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises. Such identification evidence is typical of the articles people commonly maintain in their residences, such as canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, bank statements, credit card receipts, identification documents, and keys.

3. Cash, currency, and currency counting machines, and records relating to controlled substances income and financial transactions relating to obtaining, transferring, laundering, concealing, or expending money or other items of value made or derived from trafficking in controlled substances. Such items include, but are not limited to, jewelry; precious metals such as gold and silver; precious gems such as diamonds; titles; deeds; monetary notes; registrations; purchase or sales invoices; and bank records.

4. Documents or tangible evidence reflecting dominion, ownership, and/or control over any bank accounts, safe deposit boxes, stocks, bonds, mutual funds, and any other financial and/or monetary assets, instruments or interests, and over any tangible assets such as motor vehicles, real property, and commercial storage facilities.

5. Photographs, videos, or other records concerning the origination of bulk cash or the identities of coconspirators.

6. Cellular telephones believed to be used by Fabio QUIJANO, and all names, words, telephone numbers, email addresses, time/date information, messages or other electronic data relating to or referencing money laundering and/or referencing individuals engaged in money laundering, located in the memory of any mobile telephone, including but not limited to:

    a. Names and contact information that have been programmed into the device(s) (including but not limited to contacts lists) of individuals who may be engaged in money laundering;

    b. Logs of calls (including last numbers dialed, last calls received, time of calls, missed calls, and duration of calls) both to and from the device(s);

   c. Text messages both sent to and received from the device(s) (including any in draft form) relating to or referencing money laundering and/or referencing individuals engaged in money laundering;

   d. Incoming and outgoing voice mail messages both to and from the device(s) relating to or referencing money laundering;

   e. GPS data;

   f. Browser messages and/or internet communications (e.g., e-mail, text messages) both to and from the device(s) (including any in draft form) relating to or referencing money laundering or individuals engaged in money laundering;

   g. Documents, photographs, or videos in any format, including but not limited to
Microsoft Word or Adobe PDF files, relating to or referencing money laundering;

   h. All data within the device(s) evidencing ownership, possession, custody, control, or use of the device(s); and

   i. Service Provider handset unlock password(s) and any other passwords used to access the electronic data described above.